NOT FOR PUBLICATION

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, | No. CR-16-01554-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Victoria Kline Nellett, | |
| Defendant. | |

Defendant Victoria Kline Nellett has filed documents with this Court that it will treat as a Notice of Removal pursuant to 28 U.S.C. §1441 *et seq*. (Doc. 1). From the documents in her submission, which are largely unintelligible, the Court gleans that Ms. Nellett received a traffic ticket from a Town of Gilbert Police officer citing her for criminal speeding, failure to carry a vehicle registration card, and an absence of automobile insurance. Ms. Nellett appears to be attempting to remove her criminal speeding citation to federal district court—in other words, quite literally, to make a federal case out of her traffic ticket. As justification for the removal, Ms. Nellett alleges that the police officer: 1) in stopping her, violated her "inalienable right to travel"; 2) in asking her for her identification during the traffic stop, attempted to "contract" with her, to which she did not consent; 3) in asking her to sign the ticket, again attempted to "contract" with her; and 4) when she refused to sign the ticket, advising the officer she "did not wish to contract with him," threatened to arrest her, "constituting an attempt of manstealing into another jurisdiction, kidnapping [sic], trafficking and trespassing against

[her] unalienable rights protect [sic] under common law." (Doc. 1 at 6.)

This Court is without jurisdiction to affect removal of the instant state matter. In relevant part, 28 U.S.C. § 1443(1) allows removal of state criminal prosecutions based on allegations that state proceedings would violate certain federally protected civil rights. But the Supreme Court has established that removal of a matter brought in state court pursuant to Section 1443(1) is a proper exercise of authority only when a defendant has satisfied two requirements. First, the civil right allegedly denied must arise under a federal law "providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). Second, the defendant must show that the state courts will deny or not enforce that specified right. *Id.* at 788; *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

Ms. Nellett's Notice of Removal of the state criminal action does not satisfy *Rachel*'s first requirement. None of the federal law violations she mentions provide for specific civil rights "stated in terms of racial equality." *Rachel*, 384 U.S. at 792. Thus Ms. Nellett's Notice does not meet the standard for removal of the criminal state action against her.[1] The Court will deny the Notice of Removal (Doc. 1) and remand the criminal action to state court. *See Younger v. Harris*, 401 U.S. 37 (1971) (federal court may not enjoin pending state proceedings).

**IT IS ORDERED** denying the Notice of Removal of Criminal Action (Doc. 1) and remanding the criminal matter to the Arizona State Court system.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this matter.

Dated this 5th day of January, 2017.

Honorable John J. Tuchi
United States District Judge

---

[1] Having established that the Notice fails to satisfy the first requirement of *Rachel*, the Court need not address the second requirement.